IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-00309

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> 17.385 ACRES, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA, LOCATED ON PARCEL IDENTIFICATION NO. 12-N-10-072 IDENTIFIED IN DEED BOOK 552, PAGE 240; LOCATED ON PARCEL IDENTIFICATION NO. 12-M-12-029, IDENTIFIED AS TRACT NO. 7 IN DEED BOOK 4202, PAGE 141, OF THE PUBLIC RECORDS OF SAID COUNTY; LESS AND EXCEPT THOSE CERTAIN PARCELS CONTAINING 5.68 ACRES CONVEYED IN BOOK 5025, PAGE 332 AND 8.361 ACRES CONVEYED IN BOOK 998, PAGE 171, BOOK 841, PAGE 737, BOOK 745, PAGE 611, BOOK 739, PAGE 161, BOOK 727, PAGE 248, BOOK 656, PAGE 300, BOOK 634, PAGE 229, BOOK 557, PAGE 195, AND BOOK 550, PAGE 485; LOCATED ON PARCEL IDENTIFICATION NO. 14-M-12-043 IDENTIFIED AS TRACT NO. 3 IN DEED BOOK 4202, PAGE 141; LOCATED ON PARCEL IDENTIFICATION NO. 15-L-11-017, IDENTIFIED AS TRACT NO. 3 IN DEED BOOK 929, PAGE 188, OF THE PUBLIC RECORDS OF SAID COUNTY; LESS AND EXCEPT, THAT CERTAIN PARCEL CONTAINING .344 ACRE, MORE OR LESS, AS DESCRIBED IN DEED BOOK 701, PAGE 408 OF THE PUBLIC RECORDS OF SAID COUNTY, <br><br> and | **COMPLAINT IN CONDEMNATION** <br><br> 15 U.S.C. § 717f(h); Fed. R. Civ. P. 71.1 |

MERLEON G. CREECH
P.O. Box 39
Pine Level, NC 27568,

and

TERESA CREECH ARTHUR
P.O. Box 39
Pine Level, NC 27568,

*Defendants*.

## Nature of the Case

1. Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; (ii) if later requested, immediate possession of the easements described herein; and (iii) the ascertainment and award of just compensation to the owners of interest in real property, Merleon G. Creech and Teresa Creech Arthur, and any other interested parties (collectively, the "Owners").

## Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owners as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owners exceeds $3,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Eastern District of North Carolina.

**Parties**

4. Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce. Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5. Merleon G. Creech and Teresa Creech Arthur are the record owners of real property in Johnston County, North Carolina described as (1) Parcel Identification No. 12-N-10-072, as is more particularly described in Deed Book 552, Page 240 of the public records of said County, and comprised of 100 acres, more or less (the "072 Parcel"); (2) Parcel Identification No. 12-M-12-029, as is more particularly described as Tract No. 7, containing 108.65 acres, in Deed Book 4202, Page 141, of the public records of said County; less and except those certain parcels containing 5.68 acres conveyed in Book 5025, Page 332 and 8.361 acres conveyed in Book 998, Page 171, Book 841, Page 737, Book 745, Page 611, Book 739, Page 161, Book 727, Page 248, Book 656, Page 300, Book 634, Page 229, Book 557, Page 195, and Book 550, Page 485, of the public records of said County, and comprised of 100.289 acres, more or less (the "029 Parcel"); (3) Parcel Identification No. 14-M-12-043, as is more particularly described as Tract No. 3 in Deed Book 4202, Page 141, of the public records of said County, and comprised of 51.383 acres, more or less (the "043 Parcel"); and (4) Parcel Identification No. 15-L-11-017, as is more particularly described as Tract No. 3 in Deed Book 929, Page 188, of the public records of said County; less and except,

that certain parcel containing .344 acre, more or less, as described in Deed Book 701, Page 408, of the public records of said County, and comprised of 63 acres, more or less (the "017 Parcel") (the aforementioned parcels are collectively described herein as the "Property"). The 072 Parcel is depicted in **Exhibit 1-A**; the 029 Parcel is depicted in **Exhibit 1-B**; the 043 Parcel is depicted in **Exhibit 1-C**; and the 017 Parcel is depicted in **Exhibit 1-D**.

6. There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

**Facts**

7. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

8. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

9. Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

10. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC

issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

11. FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina." *See* Ex. 2, at 35, ¶ 79.

12. FERC also found that the "public at large will benefit from increased reliability of natural gas supplies." *See* Ex. 2, at 35, ¶ 79.

13. As a result, the ACP Project "serves a 'public use'" as determined by FERC. *See* Ex. 2, at 34, ¶ 79.

14. Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

15. The FERC-approved route of the ACP Project crosses the Property. A map depicting the route of the ACP Project is attached as **Exhibit 3**.

16. Atlantic seeks to construct a portion of the ACP Project on the Property. The ACP Project cannot be constructed until Atlantic acquires certain permanent easements (the "Permanent Easements") and temporary easements (the "Temporary Easements") on the Property (collectively the "Easements"). The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

17. A plat depicting the size and nature of the Easements and the ACP Project's route across the 072 Parcel is attached hereto as **Exhibit 4-A**. A plat depicting the size and nature of the Easements and the ACP Project's route across the 029 Parcel is attached hereto as **Exhibit 4-B**. A plat depicting the size and nature of the Easements and the ACP Project's route across the 043

Parcel is attached hereto as **Exhibit 4-C**. A plat depicting the size and nature of the Easements and the ACP Project's route across the 017 Parcel is attached hereto as **Exhibit 4-D**.

18. The Permanent Easements to be taken on the Property include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon the ACP Project and appurtenant equipment and facilities, as well as the right to change the location of the installed pipeline within the area of the Permanent Easement as may be necessary or advisable.

19. The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete. The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

20. Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other materials to and from and through the Easements, and the right of access through any existing roads on the Property.

21. Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

22. The Owners shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements. Specifically, the Owners shall not, without the prior written consent of Atlantic: (a) change the depth of cover or otherwise undertake earthmoving or construction within the Permanent Easements; (b) place or

permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, concrete pads, mobile homes, trees, telephone or electric poles, water or sewer lines, or similar structures, within the Permanent Easements; (c) store or operate any heavy equipment in the Permanent Easements, except the use of typical farming equipment; and (d) construct ponds or lakes in a manner that would flood the Permanent Easements.

23. Atlantic has negotiated with the Owners and has made several efforts to acquire the Easements by contract. However, Atlantic and the Owners have been unable to agree upon the compensation to be paid.

24. Atlantic began negotiations with the Owners in June 2016. Specifically, on June 13, 2016, an agent of Atlantic (the "First Agent") met in person with Owners Teresa Creech Arthur and Richard Arthur to discuss easement acquisition. The Owners refused to negotiate.

25. On November 22, 2016, another agent of Atlantic (the "Second Agent") met with Owner Teresa Creech Arthur. She refused to discuss easement acquisition. The Second Agent met with both Owner Teresa Creech Arthur and Richard Arthur on December 7, 2016 to discuss the easement acquisition. The Owners indicated they were not interested in discussing the matter.

26. On May 24, 2017, the Second Agent met with Owner Teresa Creech Arthur. Again, she refused to negotiate the offer or easement acquisition.

27. On June 1, 2017, Teresa Creech Arthur informed the Second Agent that the Owners were represented by counsel and that the Second Agent should communicate with counsel.

28. On June 8, 2017, the Second Agent met with Owners' counsel to negotiate. Throughout 2017, the Second Agent met with Owners' counsel and spoke with him on the phone numerous times in an attempt to negotiate.

29. Atlantic sent Owners a letter dated June 6, 2018, with a final offer, along with a copy of the plat attached hereto as **Exhibit 4-A**, **Exhibit 4-B**, **Exhibit 4-C**, and **Exhibit 4-D**.

30. Atlantic also sent Owners a letter with a final offer dated June 15, 2018, along with a copy of the plat attached hereto as **Exhibit 4-A**, **Exhibit 4-B**, **Exhibit 4-C**, and **Exhibit 4-D**.

31. Atlantic, through counsel, has continued to negotiate with Owners, through counsel, regarding the easement acquisition and the final offer letter and its accompanying plat, but the parties have been unable to reach an agreement.

32. To date, Atlantic and the Owners have been unable to agree on the compensation to be paid. Thus, despite these negotiations, Atlantic has been unable to acquire the Easements by contract.

33. Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4-A**, **Exhibit 4-B**, **Exhibit 4-C**, and **Exhibit 4-D**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B. If later requested, grant Atlantic immediate possession of the Easements in the form of a preliminary injunction prior to the determination of just compensation upon deposit with the Court of a sum of money representing the value of such Easements as determined by Atlantic's appraisal or land rights valuation analysis;

C. Ascertain and award just compensation to the Owners for the taking of the Permanent Easements;

D.  Ascertain and award just compensation to the Owners for the taking of the Temporary Easements; and

E.  Grant such other relief as may be just and proper.

This the 28th day of June, 2018.

/s/ Henry L. Kitchin, Jr.
Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone: (910) 254-3800
Facsimile: (910) 254-3900
Email: hkitchin@mcguirewoods.com

Dhamian A. Blue
N.C. State Bar No. 31405
Blue LLP
205 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 833-1931
Facsimile: (919) 833-8009
Email: dab@bluellp.com

*Of Counsel:*

John D. Wilburn
Email: jwilburn@mcguirewoods.com
Richard D. Holzheimer, Jr.
Email: rholzheimer@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050

*Counsel for Atlantic Coast Pipeline, LLC*